## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

|  |  |  |
|---|---|---|
| In re Admission of Howard Kieffer to the United States District Court for the District of North Dakota | ) ) ) ) ) | **ORDER OF SUSPENSION AND TO SHOW CAUSE** |

On June 5, 2008, the Court ordered Howard Kieffer to submit to the Court, within twenty (20) days, a certificate of good standing from the California bar or other state bar of which he is a member in good standing, a certificate of good standing from the Ninth Circuit Court of Appeals and the Central District of California, and certification from Antioch Law School in Washington, D.C. that Kieffer is a graduate from that law school and that the school was accredited on the date of his graduation. In addition, Kieffer was ordered to submit to the Court, within twenty (20) days, an affidavit which itemizes in detail all misdemeanor and felony offenses of which he has been convicted in local, state, or federal court.

On June 26, 2008, Kieffer wrote to the Clerk of Court and requested that the Clerk send him a certificate of good standing. On June 30, 2008, Kieffer submitted a "Preliminary Response to Order to Show Cause," in which he requested that the Court grant him a reasonable extension of time to more fully comply with the Court's show cause order, and requested that the letter the Court received from Joel L. Wells, a former client of Kieffer, be provided to Kieffer. In the preliminary response, Kieffer stated that he "is not a member of the State Bar of California, nor any other state and/or jurisdiction," that he "is not a member of the bar of the United States District Court for the Central District of California," and that he "holds no degree from the Antioch Law School in Washington, D.C."

In Kieffer's Petition for Admission to the Bar for the United States District Court for the District of North Dakota, Kieffer expressly stated that he had obtained a Juris Doctor degree from Antioch Law School in Washington, D.C. In that petition, Kieffer also stated the he was admitted to practice in the Central District of California. Kieffer has now admitted to the Court that neither of these statements are true. Therefore, the petition Kieffer submitted for admission to the federal bar in North Dakota contained admittedly false information. As a result, the Court finds that there is a sufficient basis to suspend Kieffer from practice before this Court.

Rule 79.1(E)(3) of the Local Rules for the United States District Court for the District of North Dakota provides:

> To initiate formal disciplinary proceedings, the court may refer the matter to the United States Attorney or other counsel appointed by the court for investigation and prosecution or the formulation of other recommendations as may be appropriate. The Clerk must serve any suspension order of the court on the attorney by personal service or by registered or certified mail at the address shown in the clerk's records. The order may require the respondent-attorney to show cause within thirty (30) days after service why the attorney should not be disciplined.

The Court **ORDERS** that Howard Kieffer be suspended from practice before the United States District Court for the District of North Dakota and that Kieffer submit to the Court, within thirty (30) days from the date of this order, a formal response as to why he should not be disciplined. Pursuant to Local Rule 79.1(E)(3), the Court **ORDERS** that the matter be referred to the United States Attorney and the Disciplinary Board of the Supreme Court of North Dakota for further investigation. The Court further **ORDERS** that Kieffer fully comply with the original order to show cause dated June 5, 2008, and submit a certificate of good standing from the Ninth Circuit Court of Appeals, as well as an affidavit which itemizes in detail all misdemeanor and felony offenses of which he has been convicted in any local, state, or federal court. The affidavit shall include a

detailed description of each offense charged, the date and place of any conviction, the sentence that was ultimately imposed, and the court in which any sentence was imposed. The Clerk of Court is directed to serve a copy of this order, by certified mail, on Howard Kieffer, Federal Defense Associates, 34 Civic Center Plaza, P.O. Box 206, Santa Ana, California 92702. The Clerk of Court is further directed to provide Kieffer with a copy of the letter from Joel L. Wells that was received by the Court.

**IT IS SO ORDERED.**

Dated this 8th day of July, 2008.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court