# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

|  |  |  |
|---|---|---|
| | ) | |
| In re Admission of Howard Kieffer | ) | **ORDER OF DISBARMENT** |
| to the United States District Court for the | ) | |
| District of North Dakota | ) | |
| | ) | |

---

     This matter was commenced when the Court received a letter from Joel L. Wells.  Wells contended that he had retained Howard Keiffer as an attorney, that he had paid Kieffer $37,000, and that Kieffer had repeatedly ignored his communications and had been less than straightforward and honest.  Wells asserted that his inquiries into Kieffer's background revealed that Kieffer has never been a licensed attorney.  Kieffer was admitted to the bar of the United States District Court for the District of North Dakota on March 16, 2007, in reliance on assertions that he was a member of the bars of the Ninth Circuit Court of Appeals and the United States District Court for the Central District of California.

     On June 5, 2008, the Court ordered Kieffer to submit, within twenty (20) days, a certificate of good standing from the California bar or other state bar of which he is a member in good standing, certificates of good standing from the Ninth Circuit Court of Appeals and the Central District of California, and certification from Antioch Law School in Washington, D.C. that Kieffer is a graduate of that law school and that the school was accredited on the date of his graduation.  In addition, Kieffer was ordered to submit, within twenty (20) days, an affidavit which itemized in detail all misdemeanor and felony offenses of which he had been convicted in local, state, or federal court.

     On June 26, 2008, Kieffer requested that the Clerk of Court send him a certificate of good standing.  On June 30, 2008, Kieffer submitted a "Preliminary Response to Order to Show Cause," in which he requested that the Court grant him a reasonable extension of time to more fully comply

with the Court's show cause order, and requested that he be provided with the letter the Court received from Wells. Kieffer stated that he "is not a member of the State Bar of California, nor any other state and/or jurisdiction," that he "is not a member of the bar of the United States District Court for the Central District of California," and that he "holds no degree from the Antioch Law School in Washington, D.C."

In Kieffer's Petition for Admission to the bar for the United States District Court for the District of North Dakota, Kieffer expressly stated that he had obtained a juris doctor degree from Antioch Law School in Washington, D.C. In that petition, Kieffer also stated that he was admitted to practice in the Central District of California. Kieffer has now admitted to the Court that neither of these statements is true. Therefore, the petition Kieffer submitted for admission to the federal bar in North Dakota contained admittedly false information. As a result, the Court found that there was a sufficient basis to suspend Kieffer from practice before this Court.

On July 8, 2008, the Court, in an Order of Suspension and to Show Cause, ordered that Kieffer be suspended from practice before this Court and that Kieffer submit, within thirty (30) days, a formal response as to why he should not be disciplined. Pursuant to Rule 79.1(E)(3) of the Local Rules for the United States District Court for the District of North Dakota, the Court ordered that the matter be referred to the United States Attorney and the Disciplinary Board of the Supreme Court of North Dakota for further investigation. The Court further ordered that Kieffer fully comply with the original order to show cause and submit a certificate of good standing from the Ninth Circuit Court of Appeals, as well as an affidavit which itemized in detail all misdemeanor and felony offenses of which he has been convicted in any local, state, or federal court.

On August 7, 2008, Kieffer filed a "Response to Order of Suspension and to Show Cause." Kieffer contends that on two occasions prior to filing his preliminary response, he unsuccessfully requested a certificate of good standing from the Ninth Circuit Court of Appeals.  On July 22, 2008, the Ninth Circuit Court of Appeals advised Kieffer that a certificate of good standing would not be issued to him pending the resolution of a matter regarding his eligibility to practice before the court. On August 4, 2008, Kieffer submitted his formal resignation to the Ninth Circuit Court of Appeals. Kieffer contends that he is unable to comply with the Court's order that he provide a certificate of good standing from the Ninth Circuit Court of Appeals.  Kieffer has requested that this Court accept his resignation effective immediately.  The Court declines to do so.

"Courts have long recognized their authority to suspend or disbar attorneys, an inherent power derived from the attorney's role as an officer of the court that granted admission."  In re Hoare, 155 F.3d 937, 940 (8th Cir. 1998).  A court's power to discipline its members is autonomous. In re Fletcher, 424 F.3d 783, 792 (8th Cir. 2005).  However, a court's autonomy is limited by due process.  Id.

The Court has provided Kieffer with more than sufficient due process by giving him notice and an opportunity to be heard in accordance with the Local Rules for the United States District Court for the District of North Dakota.  It is undisputed that Kieffer has acknowledged that he is not a graduate of an accredited law school nor is he a member of any state bar.  Further, as a result of Kieffer's failure to fully respond to either the "Order to Show Cause" or the "Order of Suspension and to Show Cause," the Court finds that Kieffer should be permanently disbarred from practice before this Court as an "attorney" or in any other capacity.  Kieffer's name shall be stricken from the attorney admission rolls of this Court.  The Court **ORDERS** the disbarment of Howard Kieffer

3

and further **ORDERS** that the United States Attorney and the Disciplinary Board of the Supreme Court of North Dakota continue any investigations they are currently conducting.

In accordance with Local Rule 79.1(E)(6), the Clerk of Court shall notify the National Discipline Data Bank operated by the American Bar Association of any order imposing public discipline on any person admitted to practice before this Court.  The Clerk of Court is directed to provide a courtesy copy of this order to the United States Attorney's Office.  The Clerk of Court is also directed to serve a copy of this order, by certified mail, on Howard Kieffer, Federal Defense Associates, 34 Civic Center Plaza, P.O. Box 206, Santa Ana, California 92702.

**IT IS SO ORDERED.**

Dated this 11th day of August, 2008.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court

4